Nos. 16-1285, 16-1307

---

IN THE
UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

---

JEANNIE K. MAY,

Plaintiff-Appellee/Cross-Appellant,

v.

NATIONSTAR MORTGAGE, LLC,

Defendant-Appellant/Cross-Appellee.

---

Appeal from the United States District Court
for the Eastern District of Missouri – St. Louis
Hon. Thomas C. Mummert, III

---

ADDENDUM TO APPELLANT'S OPENING BRIEF

---

Jeffrey M. Tillotson, P.C.
  State Bar No. 20039200
TILLOTSON LAW
750 N. St. Paul Street, Suite 610
Dallas, Texas 75201
(214) 382-3041 Telephone
(214) 501-0731 Facsimile

Kevin M. Abel, #39568
Rhiana A. Lauders, #56535MO
Amy E. Breihan, #65499MO
BRYAN CAVE LLP
One Metropolitan Square
211 N. Broadway, Suite 3600
St. Louis, Missouri 63102
(314) 259-2000 Telephone
(314) 259-2020 Facsimile
ATTORNEYS FOR APPELLANT
AND CROSS-APPELLEE

May 3, 2016

# Table of Contents

**Page**

Doc. 150 Jury Verdict .................................................................................................. 000001

Doc 156 Judgment in a Civil Case ............................................................................ 000006

Doc. 172 Jury Instructions Conference Excerpts from Volume 5 ................. 000007

Doc. 173 Order ............................................................................................................ 000027

Dated: May 3, 2016

__/s/ Jeffrey M. Tillotson__

Jeffrey M. Tillotson, P.C.
  State Bar No. 20039200
TILLOTSON LAW
750 N. St. Paul Street, Suite 610
Dallas, Texas 75201
(214) 382-3041 Telephone
(214) 501-0731 Facsimile

Kevin M. Abel, #39568
Rhiana A. Lauders, #56535MO
Amy E. Breihan, #65499MO
BRYAN CAVE LLP
One Metropolitan Square
211 N. Broadway, Suite 3600
St. Louis, Missouri 63102
(314) 259-2000 Telephone
(314) 259-2020 Facsimile
ATTORNEYS FOR APPELLANT
AND CROSS-APPELLEE

i

## VERDICT:  INVASION OF PRIVACY

Note:        Complete this form by writing in the name required by your verdict.


On the claim of plaintiff *Jeannie May* for invasion of privacy against defendant *Nationstar Mortgage Servicing LLC*, we, the undersigned jurors, find in favor of:


(Plaintiff *Jeannie May*)                     or        (Defendant *Nationstar Mortgage LLC*)


Note:        Complete the following paragraph only if the above finding is in favor of plaintiff, *Jeannie May*.


We, the undersigned jurors, assess the damages of plaintiff *Jeannie May* as follows:

For actual damages $ 50,000.00 *(stating the amount).*

For punitive damages $ 400,000.00 *(state the amount or, if none, write the word, "none").*


Date: _____11/20/15_____         _____

6504664.1

000001

## VERDICT:  VIOLATION OF THE FAIR DEBT COLLECTION
## PRACTICES ACT (FDCPA)

Note:     Complete this form by writing in the name required by your verdict.


On the claim of plaintiff *Jeannie May* for violation of the Fair Debt Collection Practices Act (FDCPA) against defendant *Nationstar Mortgage Servicing LLC*, we, the undersigned jurors, find in favor of:


_____           or          (Defendant *Nationstar Mortgage LLC*)
(Plaintiff *Jeannie May*)


Note:     Complete the following paragraph only if the above finding is in favor of plaintiff,
          *Jeannie May*.


We, the undersigned jurors, assess the damages of plaintiff *Jeannie May* as follows:

For actual damages $ _____ *(stating the amount)*.


Date: ___11 / 20 / 2015___          _____


13

000002
Appellate Case: 16-1285   Page: 4   Date Filed: 05/03/2016 Entry ID: 4395209  RESTRICTED

**VERDICT:  VIOLATION OF THE REAL ESTATE SETTLEMENT
PRACTICES ACT (RESPA)**

Note:      Complete this form by writing in the name required by your verdict.


On the claim of plaintiff *Jeannie May* for violation of the Real Estate Settlement
Practices Act (RESPA) against defendant *Nationstar Mortgage Servicing LLC*, we, the
undersigned jurors, find in favor of:

_____          or          (Defendant *Nationstar Mortgage LLC*)

(Plaintiff *Jeannie May*)

Note:      Complete the following paragraph only if the above finding is in favor of plaintiff,
*Jeannie May*.


We, the undersigned jurors, assess the damages of plaintiff *Jeannie May* as follows:

For actual damages $ _____*(stating the amount)*.


Date: __11/20/15_____          _____

6504664.1

000003

## VERDICT:  NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA)

Note:     Complete this form by writing in the name required by your verdict.

On the claim of plaintiff *Jeannie May* for a negligent violation of the Fair Credit Reporting Act (FCRA) against defendant *Nationstar Mortgage Servicing LLC*, we, the undersigned jurors, find in favor of:

(Plaintiff *Jeannie May*)                or          (Defendant *Nationstar Mortgage LLC*)

Note:     Complete the following paragraph only if the above finding is in favor of plaintiff, *Jeannie May*.

We, the undersigned jurors, assess the damages of plaintiff *Jeannie May* as follows:

For actual damages $ 20,000.00 *(stating the amount).*

Date:  __11 / 20 / 15__                    _____

6504664.1

000004

**VERDICT:  WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
(FCRA)**

Note:      Complete this form by writing in the name required by your verdict.


On the claim of plaintiff *Jeannie May* for a willful violation of the Fair Credit Reporting Act (FCRA) against defendant *Nationstar Mortgage Servicing LLC*, we, the undersigned jurors, find in favor of:


_____      or      (Defendant *Nationstar Mortgage LLC*)
(Plaintiff *Jeannie May*)


Note:      Complete the following paragraph only if the above finding is in favor of plaintiff, *Jeannie May*.


We, the undersigned jurors, assess the damages of plaintiff *Jeannie May* as follows:

For actual damages $ _____ *(stating the amount).*

For punitive damages $ _____ *(state the amount or, if none, write the word, "none").*


Date: __11/20/15_____      _____


27

# United States District Court

## EASTERN DISTRICT OF MISSOURI

Jeannie K. May

          Plaintiff,

               v.                        CASE NUMBER: 4:14CV578 TCM

Nationstar Mortgage, LLC

          Defendant.

## JUDGMENT IN A CIVIL CASE

☒    **Jury Verdict.**  This action came before the Court for a trial by jury.  The issues have been tried and the jury has rendered its verdict.

☐    **Directed Verdict.**  This action came before the Court for a trial by jury, the Court having sustained defendant's motion for judgment as a matter of law at the close of plaintiffs' case;

☐    **Decision by Court.**  This action came to trial or hearing before the Court.  The issues have been tried or heard and a decision has been rendered.

**IT IS HEREBY ORDERED AND ADJUDGED** that:  On the claim of Plaintiff Jeannie May for Invasion of Privacy, the jury finds for Plaintiff Jeannie May as follows:  Actual damages to Plaintiff in the amount of $50,000.00 and Punitive damages to Plaintiff in the amount of $400,000.00.  On the claim of Plaintiff Jeannie May for Negligent Violation of the Fair Credit Reporting Act (FCRA), the jury finds for Plaintiff Jeannie May as follows:  Actual damages to Plaintiff in the amount of $50,000.00.   On the claims of Plaintiff Jeannie May for Violation of the Fair Debt Collection Practices Act (FDCPA), Willful Violation of the Fair Credit Reporting Act (FCRA), and Violation of the Real Estate Settlement Practices Act (RESPA), the jury finds for Defendant Nationstar Mortgage, LLC.

Gregory J. Linhares
CLERK OF COURT

11/20/2015
DATE

          By:     /s/ Carol B. Long

Carol B. Long
DEPUTY CLERK

000006

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JEANNIE K. MAY,                          )
                                         )
                     Plaintiff,          )
                                         )
        v.                               )  No. 4:14-CV-578-TCM
                                         )
NATIONSTAR MORTGAGE, LLC,                )
                                         )
                     Defendant.          )

JURY TRIAL
JURY INSTRUCTION CONFERENCE EXCERPT
FROM VOLUME 5

BEFORE THE HONORABLE THOMAS C. MUMMERT III
UNITED STATES DISTRICT JUDGE

NOVEMBER 20, 2015

APPEARANCES:

For Plaintiff:        Robert David Humphreys, Esq.
                      Lucius James Wallace, Esq.
                      **HUMPHREYS WALLACE HUMPHREYS**
                      9202 South Toledo Avenue
                      Tulsa, OK  74137

                      Robert T. Healey, Jr., Esq.
                      **HEALEY LAW, LLC**
                      640 Cepi Drive, Suite A
                      Chesterfield, MO  63005

For Defendant:        Jeffrey M. Tillotson, Esq.
                      Ben A. Barnes, Esq.
                      **LYNN TILLOTSON PINKER & COX**
                      2100 Ross Avenue, Suite 2700
                      Dallas, TX  75201

                      Amy Elizabeth Breihan, Esq.
                      **BRYAN CAVE LLP**
                      211 North Broadway, Suite 3600
                      St. Louis, MO  63102

*REPORTED BY:*        *Gayle D. Madden, CSR, RDR, CRR*
                      *United States District Court*
                      *111 South Tenth Street, Third Floor*
                      *St. Louis, MO  63102      (314) 244-7987*
                      (Produced by computer-aided mechanical stenography.)

2

1          (The following proceedings were held outside the hearing

2     and presence of the Jury.)

3          THE COURT:  Okay.  We are -- we are under the final

4     stretch of this trial, and the parties and I have spent

5     considerable time going through 30 instructions that will be

6     submitted to the Jury.  At this time, the parties have

7     agreed -- both sides -- if I misstate this, I want you to let

8     me know.  You haven't been shy so far, so I don't expect that

9     to happen here, but the parties have agreed that on all the

10    exhibits -- Plaintiff's and Defendant's -- and they've agreed

11    to sort all of the technical portions of that out at the time

12    when the Jury is already deliberating on the case, which means

13    that the exhibits are all going to be admitted.  It's just a

14    question of what were the exhibits, quite frankly, and there

15    are some objections which the Court already ruled on in the

16    motions in limine, but beyond that, the exhibits will be taken

17    care of.  Is that a fair statement?  From the Plaintiff?

18          MR. WALLACE:  Yes, Your Honor.

19          THE COURT:  From the Defendant?

20          MR. TILLOTSON:  It is, Your Honor.

21          THE COURT:  Okay.  I kind of cut off the Defendant

22    yesterday in terms of making a record for a motion for a

23    directed verdict at the end of the Plaintiff's case and at the

24    end of the entire case, so you may do that now.

25          MR. TILLOTSON:  Thank you, Your Honor.  The Defendant

1   makes a directed verdict on the following claims:

2           First, with respect to the Fair Debt Collection Act

3   claim, we believe there's insufficient evidence that

4   Nationstar was a debt collector under the statute, and since

5   we're not a debt collector, then a directed verdict is

6   appropriate on that.

7           Second, with respect to that same claim, we believe

8   that there is insufficient evidence that it was not a bona

9   fide good faith error by Nationstar and that there is

10  sufficient evidence as to our intent with respect to that

11  claim.

12          With respect to the invasion of privacy claim, we

13  make a directed verdict on that there is insufficient evidence

14  that Nationstar intentionally engaged in any conduct designed

15  to be outrageous or harm Ms. May.

16          With respect to the RESPA claim, we move for a

17  directed verdict on all requests sent to Nationstar that were

18  not directed to the address that we have identified as a

19  qualified written request.  There was no evidence that we ever

20  waived or told her she need not send a qualified written

21  request.  That would eliminate all requests sent other than

22  the ones that have that specific address.

23          I believe they've dropped the MMPA claim, so we'll

24  skip that one.

25          And then we move for a directed verdict with respect

4

1    to the remaining portions of the RESPA claim on that there is

2    insufficient evidence that Nationstar did not engage in

3    appropriate actions.

4            And, finally, we move for a directed verdict on two

5    aspects of their damages.  First, her wage claims, which we

6    think there's insufficient evidence linking her alleged

7    quitting of her job as a result of us.  And also the future

8    harm –– we think there's insufficient evidence laid that she

9    will have those losses in the future.

10           And we also move for a directed verdict on the

11   emotional distress.  Although there has been some evidence

12   that she engaged in anguish, we move for a directed verdict.

13   There's been insufficient evidence for the amount of damages

14   which they're claiming based upon the conduct here being

15   unintentional.

16           On those grounds, Your Honor, we would urge a

17   directed verdict both at the close of their case ––

18           THE COURT:  Got it.

19           MR. TILLOTSON:  And to speed this along, I would

20   reurge that since we have effectively closed our case, so

21   we've met the requirements of the rule.

22           THE COURT:  Fair enough.  The Court will deny your

23   motion for a directed verdict both at the end of the

24   Plaintiff's case and at the end of the entire case.

25           You all mentioned in chambers about that there are

1    six stipulations of fact which you all filed.  Do you want me

2    to read those to the Jury?

3              MR. TILLOTSON:  Yeah.  I have no problem, Your Honor.

4    It's up to the Plaintiff.  I have no problem.

5              MR. WALLACE:  To tell you the truth, I don't remember

6    what they were.

7              THE COURT:  One, it's stipulated I have -- the Court

8    has jurisdiction.

9              MR. WALLACE:  Yeah.  We don't need that.

10             THE COURT:  Fannie Mae was the investor of the

11   Plaintiff's loan.  You don't need that?

12             MR. WALLACE:  Don't need that one either.

13             THE COURT:  You don't need that.  I'm going to

14   scratch these as we go here.

15             Third is that entered into her home loan for a

16   personal family household.

17             MR. WALLACE:  Might as well.

18             THE COURT:  Read that one.

19             May defaulted on her loan in 2007.

20             MR. WALLACE:  I mean I think we've got that, but --

21             MR. TILLOTSON:  I don't mind you reading that.

22   That's fine.

23             MR. WALLACE:  Yeah, that's fine.

24             THE COURT:  All right.  The loan is a debt for

25   purposes of the Fair Debt Collection Practices Act.

Appellate Case: 16-1285    Page: 13    Date Filed: 05/03/2016 Entry ID: 4395209  RESTRICTED

6

1          MR. WALLACE:  Yes.

2          MR. TILLOTSON:  Yeah.  We stipulated to that already.

3          THE COURT:  And six is Nationstar states in its

4    response to the trustee's notice of right of cure filed with

5    the bankruptcy court that May had paid an amount required to

6    cure the pre-petition default through Chapter 13 plan in her

7    bankruptcy case and that May had also paid all

8    post-bankruptcy -- you probably want this read?

9          MR. WALLACE:  Yes, sir.

10          THE COURT:  Yeah.  All right.  I'll read that.

11          MR. HUMPHREYS:  Your Honor, as far as the

12    stipulation, I thought about the publication --

13          THE COURT:  Yeah.  I already read that.

14          MR. HUMPHREYS:  Okay.  Would you just remind them

15    that that's also stipulated?

16          THE COURT:  Yeah, I will.

17          All right.  These are the instructions, and, again,

18    there are 30 of them.

19          No. 1 is MAI 2.01.  It's offered by the Court.

20          2 is Eighth Circuit 1.04 by the Court.

21          3 is MAI -- or this is actually, yeah, MAI 2.03 by

22    the Court.

23          4 is MAI 2.02 by the Court.

24          And 5 is Eighth Circuit 3.04 by the Court.

25          6 is -- is the persons of equal standing.  Actually,

0000012

7

1  I prepared it, but it's offered by the Defendant in this case.

2  All right.

3          Number 7 is stipulated facts.  That's an Eighth

4  Circuit 2.04.  That's -- I think that's by consent.

5          When you get to one where you guys have objections to

6  it, let me know.

7          MR. TILLOTSON:  Yes, Your Honor.

8          THE COURT:  8 is the agency definition.  That's 5.23,

9  the Eighth Circuit.  That's by consent.

10          Now we get into the -- the claims.

11          Number 9 is the invasion of privacy, by Plaintiff,

12  citing *Sofka v. Thal*, *662 S.W.2d 502*, and *Young*, *Doe versus*

13  *Young*.  That's an Eighth Circuit case, *664 F.3d 727*.  Any

14  objections to that instruction?

15          MR. TILLOTSON:  No, Your Honor, not on behalf of the

16  Defendant.

17          THE COURT:  All right.  10 is the invasion of privacy

18  damages.  There's all sorts of authorities, but the case

19  starts -- the instructions start with MAI 4.01.  Any

20  objection?

21          MR. TILLOTSON:  Your Honor, we object just to the

22  inclusion of damages in the future being improperly

23  recoverable.  We would excise that language out.

24          THE COURT:  Okay.  Instruction 11 is invasion of

25  privacy punitive damages.  That's MAI 10.01.  That's by the

0000013

Case: 4:14-cv-00578-CEJ   Doc. #:  172   Filed: 12/28/15   Page: 8 of 20 PageID #: 3869
Jury Instruction Conference Excerpt from Volume 5

8

1    Plaintiff.  Any objection?

2              MR. TILLOTSON:  Yes, Your Honor.  Just in general, I

3    want to -- if I didn't, it's only because I was -- we want to

4    also include in our motion for directed verdict on a claim for

5    punitive damages that there's been insufficient evidence with

6    the requisite intent level of outrageousness, and so we would

7    object to the inclusion in the jury charge of any question

8    with regard to punitive damages.

9              THE COURT:  The Court will construe that as an

10   objection.  Anytime punitive damages are mentioned in any of

11   these instructions, you can make a record if you choose, but I

12   will -- as far as I'm concerned, I think that's an ongoing

13   objection the Defendants have made throughout the trial.

14             MR. TILLOTSON:  Okay, Your Honor.  Thank you very

15   much.

16             THE COURT:  All right.  Then there's an invasion of

17   privacy verdict form.

18             Instruction 12 is violation of the Fair Debt

19   Collection Practices Act.  That's -- boy, there's a lot of

20   authority there, but it cites the statute, which is 15 U.S.C.

21   § 1692.  I will not cite the paragraph of cases that were

22   provided, obviously submitted by the Plaintiff.  Any objection

23   to that?

24             MR. TILLOTSON:  Just including our prior objections.

25   Other than that, Your Honor.

9

1          THE COURT:  Fair enough.

2          13 is the strict liability on that same count.

3   Again, it's a number of cases, the first being *Coleman versus*

4   *Berman & Rabin, P.A.*  That's a Judge Jackson case actually,

5   4:14-CV-1090.  That's here in this court.  And we'll just

6   leave it at that.  Any objection to that instruction?

7          MR. TILLOTSON:  No, Your Honor.

8          THE COURT:  14 is bona fide error.  That's 15 U.S.C.

9   § 1692k.  Any objection?

10          MR. HUMPHREYS:  Plaintiff would object on the grounds

11   that it wasn't Plaintiff's affirmative defense and there's no

12   evidence of any reasonable procedures.

13          THE COURT:  Okay.  Thank you.  Obviously, all of

14   these objections have been overruled in chambers, and they're

15   overruled now.

16          MR. HUMPHREYS:  Yes.

17          THE COURT:  15 is the unsophisticated consumer

18   standard.  That's, again, a number of statutes, but the

19   first -- I'm sorry -- cases.  The first is *Wilhelm versus*

20   *Credico, Inc.*, *519 F.3d 416*.  It's an Eighth Circuit case from

21   2008.  Any objections?

22          MR. TILLOTSON:  Yes, Your Honor.  We object on the

23   grounds that there wasn't sufficient evidence submitted that

24   she was misled by any of the actions.

25          THE COURT:  Got it.  16 is the -- is actually damages

0000015

Case: 4:14-cv-00578-CEJ  Doc. #:  172  Filed: 12/28/15  Page: 10 of 20 PageID #: 3871
Jury Instruction Conference Excerpt from Volume 5

10

1    for that, that count.  The same with 15 U.S.C. § 1692k.  I'll

2    assume whatever objections you have will stick with that one.

3            And then, finally, on that count, there is a verdict

4    form.

5            Instruction 17 is the violation of the Real Estate

6    Settlement Procedures Act under 12 U.S.C. § 2605 and a number

7    of cases.  Any objections?

8            MR. TILLOTSON:  No, Your Honor.

9            THE COURT:  18 is the qualified written request

10   requirement, and that's under 12 U.S.C. § 2605(e)(1)(B).

11   That's a small (e).  And any objections to that?

12           MR. TILLOTSON:  Yes, Your Honor.  I object to the

13   provisions in there regarding waiver and estoppel as not --

14           THE COURT:  Got it.

15           MR. TILLOTSON:  -- applicable under the law or

16   sufficient evidence to include it.

17           THE COURT:  Got it.  Okay.  That's the one we fixed

18   back in the courtroom or chambers.

19           All right.  19 is the response requirements, 12

20   U.S.C. § --

21           MR. TILLOTSON:  I'm sorry.  May I interpose?  We

22   had -- we had -- we're missing one.  We had a request

23   regarding duplicate QWRs don't need responded to, that they

24   were okay with, that I thought the Court included.

25           THE COURT:  It wasn't in the pile of stuff we looked

1    at today.  I don't --

2            MR. WALLACE:  I mean we talked about it last night,

3    but I don't remember where it went from there.

4            MR. TILLOTSON:  It would have gone right there.

5            MR. WALLACE:  I mean as far as what the ultimate

6    decision was on the thing.

7            MR. HUMPHREYS:  I never saw a proposed instruction,

8    Your Honor.

9            THE COURT:  I tell you what.  If you all put

10   something together, I'll read it at the end of the deal if you

11   both agree to it, but --

12           MR. TILLOTSON:  We will.  We'll send you the right

13   cite and the proposed instruction.  If you could just add it

14   to the end.

15           THE COURT:  I'll just add it to the end, and, Amy,

16   just email it to me.

17           MR. TILLOTSON:  We'll do it right now.  We'll try to

18   be quick about it.  Thank you, Your Honor.

19           THE COURT:  All right.  Do you have Carol's email

20   address?

21           MS. BREIHAN:  I don't.

22           THE COURT:  Just email it to me then.  That's good.

23           All right.  18.  I'm not sure if we did this or not.

24   Qualified written request.  Yeah, we did.

25           And 19 is the response requirements under the Real

Jury Instruction Conference Excerpt from Volume 5

12

1    Estate Settlement Procedures Act.

2          20 is the damages instruction.  Same case cited.

3          And then there's the verdict form on that.

4          21 is a violation of the Fair Credit Reporting Act.

5    That's 15 U.S.C. § 1681 and all sorts of cases, submitted by

6    Plaintiff.

7          22 is a Fair Debt -- Fair Credit Reporting Act

8    willful violation.

9          Damages for the willful violation is 23.

10          Punitive damages for the willful violation is 24.

11          And then there's a verdict form.

12          And then there's the negligent violation of that same

13    act instruction.

14          There's the damages for the negligent violation and

15    then the verdict form for that.

16          Then -- there it is -- damage on the multiple

17    theories.  We've already got that.  Isn't that what you were

18    looking for -- the damages on --

19          MR. HUMPHREYS:  No.

20          MR. TILLOTSON:  No.  It would be that you don't have

21    to respond to a QWR if you're merely duplicating the --

22          THE COURT:  I got it.  I got it.  I got it.  Yeah.  I

23    thought -- I don't know.  I don't remember.

24          27 is damages on multiple legal theories.  That's by

25    consent of the parties, and that's good enough.

0000018

Case: 4:14-cv-00578-CEJ  Doc. #: 172  Filed: 12/28/15  Page: 13 of 20 PageID #: 3874
Jury Instruction Conference Excerpt from Volume 5

13

1              MR. TILLOTSON:  I'm sorry.  What was the number of

2      that one, Your Honor?

3              THE COURT:  27.

4              28 -- what happened to 29?  What the hell is going

5      on?  Okay.  It's not in this package here.  28 is the measure

6      of emotional distress.  That's by -- I don't know who

7      submitted that actually.  Plaintiffs probably.

8              29, which is not in this dirty copy, but it's the

9      measure of punitive damages which you've objected to.  That's

10     the instruction that you have objected to.

11             MR. TILLOTSON:  Correct, Your Honor.

12             THE COURT:  And then 30 is MAI 3.06.  Those are the

13     instructions, and maybe this other one that you all can put

14     together is what the Court will read to the Jury and submit to

15     the Jury.

16             I understand the Defendant has some instructions they

17     would -- they would like to submit.

18             MR. TILLOTSON:  Oh, I'm sorry.  Would Your Honor --

19     may I approach?  Can I see Instruction No. 19 because it may

20     have been included with --

21             THE COURT:  Here you go.  Hand this to one of those

22     guys.

23             MR. TILLOTSON:  Absolutely.  There's so many dang

24     copies.

25             THE COURT:  I remember the conversation, but it was

14

1    about 6:00 last night, and I was cooked, so I don't --

2            MR. TILLOTSON:  So it's not in here.

3            MS. BREIHAN:  It's not in the -- that -- I'm saying

4    instead of a separate instruction, it was --

5            MR. TILLOTSON:  Let's do a separate instruction,

6    though.

7            MS. BREIHAN:  Okay.

8            MR. TILLOTSON:  Otherwise we'd have to reprint out

9    19.

10           THE COURT:  No, we're not going to do that.

11           MR. TILLOTSON:  It would go at the end of 19, right,

12   but we can also do it as a separate one.

13           THE COURT:  That's okay.  I would prefer that.  That

14   would be fine.  All right.

15           All right.  I'm going to make this other record on

16   closing argument if you guys want to pay attention.

17           MR. TILLOTSON:  Yes, Your Honor.

18           THE COURT:  The parties have agreed that 35 minutes

19   of closing argument per side is appropriate.  The Plaintiff

20   would like theirs split up 25 and 10 with two-minute warnings.

21   I will not -- I will let the -- on the Plaintiff's side, I'll

22   let the Plaintiff know when it's a two-minute warning and when

23   you've gotten to 25.  I will not stop you after that.  It's

24   your job to stop yourself.  You'll be encroaching on the other

25   10 minutes.

0000020

15

1          MR. HUMPHREYS:  Okay.

2          THE COURT:  35 minutes for the Defendant obviously,

3   and they want a two-minute warning.  I advised the parties

4   last night -- obviously, all the lawyers are from other

5   jurisdictions, and in Missouri, the requirement has been and

6   I've always required, just as a matter of fairness, that if

7   the Plaintiff is going to ask for a specific amount of money

8   in its closing argument it must do so in the first part so

9   that the Defendant has a chance to rebut that in their

10  portion, in their closing argument.

11         MR. HUMPHREYS:  Yes, Your Honor.  Thank you.

12         THE COURT:  Anything else on closing argument?  And

13  let me know, Amy, when you've sent that.

14         MR. TILLOTSON:  While she's doing that, Your Honor,

15  if I may just approach --

16         THE COURT:  Uh-huh.

17         MR. TILLOTSON:  -- we have two proposed --

18         THE COURT:  Yes.

19         MR. TILLOTSON:  -- instructions that we would request

20  the Court consider and add.

21         THE COURT:  Yes.

22         MR. TILLOTSON:  The first one is for the measure of

23  punitive damages.  It's taken from the pattern Fifth Circuit.

24  If the Court declines that, we've also objected to the

25  punitive damages instructions the Court has done, and in

0000021

Case: 4:14-cv-00578-CEJ  Doc. #: 172  Filed: 12/28/15  Page: 16 of 20 PageID #: 3877
Jury Instruction Conference Excerpt from Volume 5

16

1    particular --

2            THE COURT:  Let me ask you something.

3            MR. TILLOTSON:  Yes, Your Honor.

4            THE COURT:  If I accept this instruction, will you

5    not object to punitive damages?

6            MR. TILLOTSON:  Of the inclusion to the Jury, I can't

7    do that, Your Honor.

8            THE COURT:  Okay.  I was just --

9            MR. TILLOTSON:  Unfortunately, I cannot do that.  I

10   can't.  I just can't do that.

11           THE COURT:  All right.  I'm not -- I'm just --

12           MR. TILLOTSON:  Right.  And to the extent the Court

13   does include the one that is drawn from various aspects of the

14   law, we'd ask the Court to revise the financial resources

15   portion to be more in compliant with what the Fifth Circuit

16   does.  And then second, we repeat our request to the Court to

17   instruct the Jury regarding the availability of attorneys'

18   fees and it will be handled by the jury, and we've included an

19   instruction we've drawn from other case law outside this

20   jurisdiction.

21           THE COURT:  Got it.  Those are Instructions A and B,

22   and they will both be refused.

23           MR. TILLOTSON:  Right.  And then we're going to try

24   and submit one, the last one, on duplicative QWRs.  If they

25   reject it and the Court declines it, we would add that as C.

0000022

17

1          THE COURT:  All right.  How far along are we on that,

2     Amy?

3          MS. BREIHAN:  I'm going to mail it in three minutes.

4          MR. HUMPHREYS:  My office is pulling up the cite,

5     Your Honor, and once we take a look at that, we'll have a

6     response.

7          THE COURT:  Okay.  Yeah.  All right.

8          MR. TILLOTSON:  Your Honor, I do want to tell the

9     Court we really appreciate the hospitality we've been given

10    from the court staff.  They've been very competent the last

11    few days.

12         THE COURT:  Great.  Thank you.  Good.

13         MR. TILLOTSON:  It's made our lives a lot easier.  We

14    hope we haven't been too much of a burden.

15         THE COURT:  No.

16         MR. TILLOTSON:  It is nice because they've been very

17    helpful.

18         THE COURT:  Yeah, they do a great job.  Thank you.

19    They do a wonderful job.

20         I noticed you weren't thanking me for anything.  It's

21    all right.

22         MR. TILLOTSON:  I'm just saying, Your Honor.  Come

23    on.  Come on.  I've got to see how it goes.

24         THE COURT:  Yeah.  It's too early.  It's too early

25    for that.

0000023

Jury Instruction Conference Excerpt from Volume 5

18

1          All right.  Let me go see.  Amy, is that sent to me?

2     I don't want to keep bugging you, but I want to look at it

3     myself.

4          MS. BREIHAN:  I'm typing my email to you right now.

5          THE COURT:  Got it.  All right.  I'll go back and

6     look at it, and let's get that cleared up before we bring the

7     Jury in obviously.

8          MR. HUMPHREYS:  Yes, Your Honor.

9        (Court recessed from 9:20 a.m. until 9:23 a.m.)

10          THE COURT:  For the record, I'm adding 19A, which is

11     duplicate qualified written requests, and it's under

12     12 C.F.R. § 1024.35(g)(1)(i), and that's submitted by the

13     Defendants, and I'm not sure if Plaintiffs are objecting to it

14     or not.

15          MR. WALLACE:  I'll find Dave and --

16          THE COURT:  Yeah.  Let's get this all figured out.

17          MR. HUMPHREYS:  Your Honor, I don't mind if this

18     section of the statute is read, but I don't believe it's

19     identical on that reg, I should say.  I don't believe it's

20     identical.

21          THE COURT:  That's all right.  I've got it.

22          MR. HUMPHREYS:  I think it's a little bit tougher in

23     their verdict or their instruction.

24          THE COURT:  (g)(1)(i).  I think it's a fair statement

25     of the law, and over the objection, it will be submitted.

0000024

Jury Instruction Conference Excerpt from Volume 5

19

1          MR. TILLOTSON:  That's 19A?

2          THE COURT:  It is.  Do you want a copy of this 19A?

3    Here's what Amy sent me.

4        (End of excerpt.)

0000025

Case: 4:14-cv-00578-CEJ  Doc. #: 172  Filed: 12/28/15  Page: 20 of 20 PageID #: 3881
Jury Instruction Conference Excerpt from Volume 5

20

CERTIFICATE


I, Gayle D. Madden, Registered Diplomate Reporter and
Certified Realtime Reporter, hereby certify that I am a duly
appointed Official Court Reporter of the United States
District Court for the Eastern District of Missouri.

I further certify that the foregoing is a true and
accurate transcript of the proceedings held in the
above-entitled case and that said transcript is a true and
correct transcription of my stenographic notes.

I further certify that this transcript contains pages
1 through 19 inclusive.

Dated at St. Louis, Missouri, this 26th day of
December, 2015.


_____

/s/ Gayle D. Madden

GAYLE D. MADDEN, CSR, RDR, CRR

Official Court Reporter

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JEANNIE K. MAY,                          )
                                         )
                    Plaintiff,           )
                                         )
      v.                                 ) No. 4:14-CV-578-TCM
                                         )
NATIONSTAR MORTGAGE, LLC,                )
                                         )
                    Defendant.           )


JURY TRIAL
JURY INSTRUCTION CONFERENCE EXCERPT
FROM VOLUME 5


BEFORE THE HONORABLE THOMAS C. MUMMERT III
UNITED STATES DISTRICT JUDGE


NOVEMBER 20, 2015

APPEARANCES:
For Plaintiff:          Robert David Humphreys, Esq.
                        Lucius James Wallace, Esq.
                        **HUMPHREYS WALLACE HUMPHREYS**
                        9202 South Toledo Avenue
                        Tulsa, OK  74137

                        Robert T. Healey, Jr., Esq.
                        **HEALEY LAW, LLC**
                        640 Cepi Drive, Suite A
                        Chesterfield, MO  63005

For Defendant:          Jeffrey M. Tillotson, Esq.
                        Ben A. Barnes, Esq.
                        **LYNN TILLOTSON PINKER & COX**
                        2100 Ross Avenue, Suite 2700
                        Dallas, TX  75201

                        Amy Elizabeth Breihan, Esq.
                        **BRYAN CAVE LLP**
                        211 North Broadway, Suite 3600
                        St. Louis, MO  63102

*REPORTED BY:*          *Gayle D. Madden, CSR, RDR, CRR*
                        *United States District Court*
                        *111 South Tenth Street, Third Floor*
                        *St. Louis, MO  63102        (314) 244-7987*
                    (Produced by computer-aided mechanical stenography.)

2

1      (The following proceedings were held outside the hearing

2   and presence of the Jury.)

3           THE COURT:  Okay.  We are -- we are under the final

4   stretch of this trial, and the parties and I have spent

5   considerable time going through 30 instructions that will be

6   submitted to the Jury.  At this time, the parties have

7   agreed -- both sides -- if I misstate this, I want you to let

8   me know.  You haven't been shy so far, so I don't expect that

9   to happen here, but the parties have agreed that on all the

10  exhibits -- Plaintiff's and Defendant's -- and they've agreed

11  to sort all of the technical portions of that out at the time

12  when the Jury is already deliberating on the case, which means

13  that the exhibits are all going to be admitted.  It's just a

14  question of what were the exhibits, quite frankly, and there

15  are some objections which the Court already ruled on in the

16  motions in limine, but beyond that, the exhibits will be taken

17  care of.  Is that a fair statement?  From the Plaintiff?

18          MR. WALLACE:  Yes, Your Honor.

19          THE COURT:  From the Defendant?

20          MR. TILLOTSON:  It is, Your Honor.

21          THE COURT:  Okay.  I kind of cut off the Defendant

22  yesterday in terms of making a record for a motion for a

23  directed verdict at the end of the Plaintiff's case and at the

24  end of the entire case, so you may do that now.

25          MR. TILLOTSON:  Thank you, Your Honor.  The Defendant

Case: 4:14-cv-00578-CEJ Doc. #: 172 Filed: 12/28/15 Page: 3 of 20 PageID #: 3864
Jury Instruction Conference Excerpt from Volume 5

3

1   makes a directed verdict on the following claims:

2          First, with respect to the Fair Debt Collection Act

3   claim, we believe there's insufficient evidence that

4   Nationstar was a debt collector under the statute, and since

5   we're not a debt collector, then a directed verdict is

6   appropriate on that.

7          Second, with respect to that same claim, we believe

8   that there is insufficient evidence that it was not a bona

9   fide good faith error by Nationstar and that there is

10  sufficient evidence as to our intent with respect to that

11  claim.

12         With respect to the invasion of privacy claim, we

13  make a directed verdict on that there is insufficient evidence

14  that Nationstar intentionally engaged in any conduct designed

15  to be outrageous or harm Ms. May.

16         With respect to the RESPA claim, we move for a

17  directed verdict on all requests sent to Nationstar that were

18  not directed to the address that we have identified as a

19  qualified written request.  There was no evidence that we ever

20  waived or told her she need not send a qualified written

21  request.  That would eliminate all requests sent other than

22  the ones that have that specific address.

23         I believe they've dropped the MMPA claim, so we'll

24  skip that one.

25         And then we move for a directed verdict with respect

4

1    to the remaining portions of the RESPA claim on that there is

2    insufficient evidence that Nationstar did not engage in

3    appropriate actions.

4            And, finally, we move for a directed verdict on two

5    aspects of their damages.  First, her wage claims, which we

6    think there's insufficient evidence linking her alleged

7    quitting of her job as a result of us.  And also the future

8    harm -- we think there's insufficient evidence laid that she

9    will have those losses in the future.

10           And we also move for a directed verdict on the

11   emotional distress.  Although there has been some evidence

12   that she engaged in anguish, we move for a directed verdict.

13   There's been insufficient evidence for the amount of damages

14   which they're claiming based upon the conduct here being

15   unintentional.

16           On those grounds, Your Honor, we would urge a

17   directed verdict both at the close of their case --

18           THE COURT:  Got it.

19           MR. TILLOTSON:  And to speed this along, I would

20   reurge that since we have effectively closed our case, so

21   we've met the requirements of the rule.

22           THE COURT:  Fair enough.  The Court will deny your

23   motion for a directed verdict both at the end of the

24   Plaintiff's case and at the end of the entire case.

25           You all mentioned in chambers about that there are

0000030

1   six stipulations of fact which you all filed.  Do you want me

2   to read those to the Jury?

3          MR. TILLOTSON:  Yeah.  I have no problem, Your Honor.

4   It's up to the Plaintiff.  I have no problem.

5          MR. WALLACE:  To tell you the truth, I don't remember

6   what they were.

7          THE COURT:  One, it's stipulated I have -- the Court

8   has jurisdiction.

9          MR. WALLACE:  Yeah.  We don't need that.

10         THE COURT:  Fannie Mae was the investor of the

11  Plaintiff's loan.  You don't need that?

12         MR. WALLACE:  Don't need that one either.

13         THE COURT:  You don't need that.  I'm going to

14  scratch these as we go here.

15         Third is that entered into her home loan for a

16  personal family household.

17         MR. WALLACE:  Might as well.

18         THE COURT:  Read that one.

19         May defaulted on her loan in 2007.

20         MR. WALLACE:  I mean I think we've got that, but --

21         MR. TILLOTSON:  I don't mind you reading that.

22  That's fine.

23         MR. WALLACE:  Yeah, that's fine.

24         THE COURT:  All right.  The loan is a debt for

25  purposes of the Fair Debt Collection Practices Act.

6

1          MR. WALLACE:  Yes.

2          MR. TILLOTSON:  Yeah.  We stipulated to that already.

3          THE COURT:  And six is Nationstar states in its

4   response to the trustee's notice of right of cure filed with

5   the bankruptcy court that May had paid an amount required to

6   cure the pre-petition default through Chapter 13 plan in her

7   bankruptcy case and that May had also paid all

8   post-bankruptcy -- you probably want this read?

9          MR. WALLACE:  Yes, sir.

10          THE COURT:  Yeah.  All right.  I'll read that.

11          MR. HUMPHREYS:  Your Honor, as far as the

12   stipulation, I thought about the publication --

13          THE COURT:  Yeah.  I already read that.

14          MR. HUMPHREYS:  Okay.  Would you just remind them

15   that that's also stipulated?

16          THE COURT:  Yeah, I will.

17          All right.  These are the instructions, and, again,

18   there are 30 of them.

19          No. 1 is MAI 2.01.  It's offered by the Court.

20          2 is Eighth Circuit 1.04 by the Court.

21          3 is MAI -- or this is actually, yeah, MAI 2.03 by

22   the Court.

23          4 is MAI 2.02 by the Court.

24          And 5 is Eighth Circuit 3.04 by the Court.

25          6 is -- is the persons of equal standing.  Actually,

0000032

7

1   I prepared it, but it's offered by the Defendant in this case.

2   All right.

3           Number 7 is stipulated facts.  That's an Eighth

4   Circuit 2.04.  That's -- I think that's by consent.

5           When you get to one where you guys have objections to

6   it, let me know.

7           MR. TILLOTSON:  Yes, Your Honor.

8           THE COURT:  8 is the agency definition.  That's 5.23,

9   the Eighth Circuit.  That's by consent.

10          Now we get into the -- the claims.

11          Number 9 is the invasion of privacy, by Plaintiff,

12  citing *Sofka v. Thal*, *662 S.W.2d 502*, and *Young*, *Doe versus*

13  *Young*.  That's an Eighth Circuit case, *664 F.3d 727*.  Any

14  objections to that instruction?

15          MR. TILLOTSON:  No, Your Honor, not on behalf of the

16  Defendant.

17          THE COURT:  All right.  10 is the invasion of privacy

18  damages.  There's all sorts of authorities, but the case

19  starts -- the instructions start with MAI 4.01.  Any

20  objection?

21          MR. TILLOTSON:  Your Honor, we object just to the

22  inclusion of damages in the future being improperly

23  recoverable.  We would excise that language out.

24          THE COURT:  Okay.  Instruction 11 is invasion of

25  privacy punitive damages.  That's MAI 10.01.  That's by the

0000033

Case: 4:14-cv-00578-CEJ   Doc. #:  172   Filed: 12/28/15   Page: 8 of 20 PageID #: 3869
Jury Instruction Conference Excerpt from Volume 5

8

1   Plaintiff.  Any objection?

2           MR. TILLOTSON:  Yes, Your Honor.  Just in general, I

3   want to -- if I didn't, it's only because I was -- we want to

4   also include in our motion for directed verdict on a claim for

5   punitive damages that there's been insufficient evidence with

6   the requisite intent level of outrageousness, and so we would

7   object to the inclusion in the jury charge of any question

8   with regard to punitive damages.

9           THE COURT:  The Court will construe that as an

10  objection.  Anytime punitive damages are mentioned in any of

11  these instructions, you can make a record if you choose, but I

12  will -- as far as I'm concerned, I think that's an ongoing

13  objection the Defendants have made throughout the trial.

14          MR. TILLOTSON:  Okay, Your Honor.  Thank you very

15  much.

16          THE COURT:  All right.  Then there's an invasion of

17  privacy verdict form.

18          Instruction 12 is violation of the Fair Debt

19  Collection Practices Act.  That's -- boy, there's a lot of

20  authority there, but it cites the statute, which is 15 U.S.C.

21  § 1692.  I will not cite the paragraph of cases that were

22  provided, obviously submitted by the Plaintiff.  Any objection

23  to that?

24          MR. TILLOTSON:  Just including our prior objections.

25  Other than that, Your Honor.

0000034

```
 1              THE COURT:  Fair enough.

 2              13 is the strict liability on that same count.

 3    Again, it's a number of cases, the first being Coleman versus

 4    Berman & Rabin, P.A.  That's a Judge Jackson case actually,

 5    4:14-CV-1090.  That's here in this court.  And we'll just

 6    leave it at that.  Any objection to that instruction?

 7              MR. TILLOTSON:  No, Your Honor.

 8              THE COURT:  14 is bona fide error.  That's 15 U.S.C.

 9    § 1692k.  Any objection?

10              MR. HUMPHREYS:  Plaintiff would object on the grounds

11    that it wasn't Plaintiff's affirmative defense and there's no

12    evidence of any reasonable procedures.

13              THE COURT:  Okay.  Thank you.  Obviously, all of

14    these objections have been overruled in chambers, and they're

15    overruled now.

16              MR. HUMPHREYS:  Yes.

17              THE COURT:  15 is the unsophisticated consumer

18    standard.  That's, again, a number of statutes, but the

19    first -- I'm sorry -- cases.  The first is Wilhelm versus

20    Credico, Inc., 519 F.3d 416.  It's an Eighth Circuit case from

21    2008.  Any objections?

22              MR. TILLOTSON:  Yes, Your Honor.  We object on the

23    grounds that there wasn't sufficient evidence submitted that

24    she was misled by any of the actions.

25              THE COURT:  Got it.  16 is the -- is actually damages
```

1   for that, that count.  The same with 15 U.S.C. § 1692k.  I'll

2   assume whatever objections you have will stick with that one.

3           And then, finally, on that count, there is a verdict

4   form.

5           Instruction 17 is the violation of the Real Estate

6   Settlement Procedures Act under 12 U.S.C. § 2605 and a number

7   of cases.  Any objections?

8           MR. TILLOTSON:  No, Your Honor.

9           THE COURT:  18 is the qualified written request

10  requirement, and that's under 12 U.S.C. § 2605(e)(1)(B).

11  That's a small (e).  And any objections to that?

12          MR. TILLOTSON:  Yes, Your Honor.  I object to the

13  provisions in there regarding waiver and estoppel as not --

14          THE COURT:  Got it.

15          MR. TILLOTSON:  -- applicable under the law or

16  sufficient evidence to include it.

17          THE COURT:  Got it.  Okay.  That's the one we fixed

18  back in the courtroom or chambers.

19          All right.  19 is the response requirements, 12

20  U.S.C. § --

21          MR. TILLOTSON:  I'm sorry.  May I interpose?  We

22  had -- we had -- we're missing one.  We had a request

23  regarding duplicate QWRs don't need responded to, that they

24  were okay with, that I thought the Court included.

25          THE COURT:  It wasn't in the pile of stuff we looked

1   at today.  I don't --

2        MR. WALLACE:  I mean we talked about it last night,

3   but I don't remember where it went from there.

4        MR. TILLOTSON:  It would have gone right there.

5        MR. WALLACE:  I mean as far as what the ultimate

6   decision was on the thing.

7        MR. HUMPHREYS:  I never saw a proposed instruction,

8   Your Honor.

9        THE COURT:  I tell you what.  If you all put

10  something together, I'll read it at the end of the deal if you

11  both agree to it, but --

12       MR. TILLOTSON:  We will.  We'll send you the right

13  cite and the proposed instruction.  If you could just add it

14  to the end.

15       THE COURT:  I'll just add it to the end, and, Amy,

16  just email it to me.

17       MR. TILLOTSON:  We'll do it right now.  We'll try to

18  be quick about it.  Thank you, Your Honor.

19       THE COURT:  All right.  Do you have Carol's email

20  address?

21       MS. BREIHAN:  I don't.

22       THE COURT:  Just email it to me then.  That's good.

23       All right.  18.  I'm not sure if we did this or not.

24  Qualified written request.  Yeah, we did.

25       And 19 is the response requirements under the Real

Case: 4:14-cv-00578-CEJ   Doc. #: 172   Filed: 12/28/15   Page: 12 of 20 PageID #: 3873
Jury Instruction Conference Excerpt from Volume 5

12

1    Estate Settlement Procedures Act.

2           20 is the damages instruction.  Same case cited.

3           And then there's the verdict form on that.

4           21 is a violation of the Fair Credit Reporting Act.

5    That's 15 U.S.C. § 1681 and all sorts of cases, submitted by

6    Plaintiff.

7           22 is a Fair Debt -- Fair Credit Reporting Act

8    willful violation.

9           Damages for the willful violation is 23.

10          Punitive damages for the willful violation is 24.

11          And then there's a verdict form.

12          And then there's the negligent violation of that same

13   act instruction.

14          There's the damages for the negligent violation and

15   then the verdict form for that.

16          Then -- there it is -- damage on the multiple

17   theories.  We've already got that.  Isn't that what you were

18   looking for -- the damages on --

19          MR. HUMPHREYS:  No.

20          MR. TILLOTSON:  No.  It would be that you don't have

21   to respond to a QWR if you're merely duplicating the --

22          THE COURT:  I got it.  I got it.  I got it.  Yeah.  I

23   thought -- I don't know.  I don't remember.

24          27 is damages on multiple legal theories.  That's by

25   consent of the parties, and that's good enough.

0000038

Case: 4:14-cv-00578-CEJ Doc. #: 172 Filed: 12/28/15 Page: 13 of 20 PageID #: 3874
Jury Instruction Conference Excerpt from Volume 5

13

1       MR. TILLOTSON: I'm sorry. What was the number of

2   that one, Your Honor?

3       THE COURT: 27.

4       28 -- what happened to 29? What the hell is going

5   on? Okay. It's not in this package here. 28 is the measure

6   of emotional distress. That's by -- I don't know who

7   submitted that actually. Plaintiffs probably.

8       29, which is not in this dirty copy, but it's the

9   measure of punitive damages which you've objected to. That's

10  the instruction that you have objected to.

11      MR. TILLOTSON: Correct, Your Honor.

12      THE COURT: And then 30 is MAI 3.06. Those are the

13  instructions, and maybe this other one that you all can put

14  together is what the Court will read to the Jury and submit to

15  the Jury.

16      I understand the Defendant has some instructions they

17  would -- they would like to submit.

18      MR. TILLOTSON: Oh, I'm sorry. Would Your Honor --

19  may I approach? Can I see Instruction No. 19 because it may

20  have been included with --

21      THE COURT: Here you go. Hand this to one of those

22  guys.

23      MR. TILLOTSON: Absolutely. There's so many dang

24  copies.

25      THE COURT: I remember the conversation, but it was

Appellate Case: 16-1285   Page: 41   Date Filed: 05/03/2016 Entry ID: 4395209 RESTRICTED

14

1  about 6:00 last night, and I was cooked, so I don't --

2          MR. TILLOTSON:  So it's not in here.

3          MS. BREIHAN:  It's not in the -- that -- I'm saying

4  instead of a separate instruction, it was --

5          MR. TILLOTSON:  Let's do a separate instruction,

6  though.

7          MS. BREIHAN:  Okay.

8          MR. TILLOTSON:  Otherwise we'd have to reprint out

9  19.

10         THE COURT:  No, we're not going to do that.

11         MR. TILLOTSON:  It would go at the end of 19, right,

12  but we can also do it as a separate one.

13         THE COURT:  That's okay.  I would prefer that.  That

14  would be fine.  All right.

15         All right.  I'm going to make this other record on

16  closing argument if you guys want to pay attention.

17         MR. TILLOTSON:  Yes, Your Honor.

18         THE COURT:  The parties have agreed that 35 minutes

19  of closing argument per side is appropriate.  The Plaintiff

20  would like theirs split up 25 and 10 with two-minute warnings.

21  I will not -- I will let the -- on the Plaintiff's side, I'll

22  let the Plaintiff know when it's a two-minute warning and when

23  you've gotten to 25.  I will not stop you after that.  It's

24  your job to stop yourself.  You'll be encroaching on the other

25  10 minutes.

0000040

Case: 4:14-cv-00578-CEJ   Doc. #: 172   Filed: 12/28/15   Page: 15 of 20 PageID #: 3876
Jury Instruction Conference Excerpt from Volume 5

15

1          MR. HUMPHREYS:  Okay.

2          THE COURT:  35 minutes for the Defendant obviously,

3     and they want a two-minute warning.  I advised the parties

4     last night -- obviously, all the lawyers are from other

5     jurisdictions, and in Missouri, the requirement has been and

6     I've always required, just as a matter of fairness, that if

7     the Plaintiff is going to ask for a specific amount of money

8     in its closing argument it must do so in the first part so

9     that the Defendant has a chance to rebut that in their

10    portion, in their closing argument.

11         MR. HUMPHREYS:  Yes, Your Honor.  Thank you.

12         THE COURT:  Anything else on closing argument?  And

13    let me know, Amy, when you've sent that.

14         MR. TILLOTSON:  While she's doing that, Your Honor,

15    if I may just approach --

16         THE COURT:  Uh-huh.

17         MR. TILLOTSON:  -- we have two proposed --

18         THE COURT:  Yes.

19         MR. TILLOTSON:  -- instructions that we would request

20    the Court consider and add.

21         THE COURT:  Yes.

22         MR. TILLOTSON:  The first one is for the measure of

23    punitive damages.  It's taken from the pattern Fifth Circuit.

24    If the Court declines that, we've also objected to the

25    punitive damages instructions the Court has done, and in

Jury Instruction Conference Excerpt from Volume 5

16

1    particular --

2              THE COURT:  Let me ask you something.

3              MR. TILLOTSON:  Yes, Your Honor.

4              THE COURT:  If I accept this instruction, will you

5    not object to punitive damages?

6              MR. TILLOTSON:  Of the inclusion to the Jury, I can't

7    do that, Your Honor.

8              THE COURT:  Okay.  I was just --

9              MR. TILLOTSON:  Unfortunately, I cannot do that.  I

10   can't.  I just can't do that.

11             THE COURT:  All right.  I'm not -- I'm just --

12             MR. TILLOTSON:  Right.  And to the extent the Court

13   does include the one that is drawn from various aspects of the

14   law, we'd ask the Court to revise the financial resources

15   portion to be more in compliant with what the Fifth Circuit

16   does.  And then second, we repeat our request to the Court to

17   instruct the Jury regarding the availability of attorneys'

18   fees and it will be handled by the jury, and we've included an

19   instruction we've drawn from other case law outside this

20   jurisdiction.

21             THE COURT:  Got it.  Those are Instructions A and B,

22   and they will both be refused.

23             MR. TILLOTSON:  Right.  And then we're going to try

24   and submit one, the last one, on duplicative QWRs.  If they

25   reject it and the Court declines it, we would add that as C.

0000042

Jury Instruction Conference Excerpt from Volume 5

17

1          THE COURT:  All right.  How far along are we on that,

2     Amy?

3          MS. BREIHAN:  I'm going to mail it in three minutes.

4          MR. HUMPHREYS:  My office is pulling up the cite,

5     Your Honor, and once we take a look at that, we'll have a

6     response.

7          THE COURT:  Okay.  Yeah.  All right.

8          MR. TILLOTSON:  Your Honor, I do want to tell the

9     Court we really appreciate the hospitality we've been given

10    from the court staff.  They've been very competent the last

11    few days.

12         THE COURT:  Great.  Thank you.  Good.

13         MR. TILLOTSON:  It's made our lives a lot easier.  We

14    hope we haven't been too much of a burden.

15         THE COURT:  No.

16         MR. TILLOTSON:  It is nice because they've been very

17    helpful.

18         THE COURT:  Yeah, they do a great job.  Thank you.

19    They do a wonderful job.

20         I noticed you weren't thanking me for anything.  It's

21    all right.

22         MR. TILLOTSON:  I'm just saying, Your Honor.  Come

23    on.  Come on.  I've got to see how it goes.

24         THE COURT:  Yeah.  It's too early.  It's too early

25    for that.

0000043

Jury Instruction Conference Excerpt from Volume 5

18

1           All right.  Let me go see.  Amy, is that sent to me?

2    I don't want to keep bugging you, but I want to look at it

3    myself.

4           MS. BREIHAN:  I'm typing my email to you right now.

5           THE COURT:  Got it.  All right.  I'll go back and

6    look at it, and let's get that cleared up before we bring the

7    Jury in obviously.

8           MR. HUMPHREYS:  Yes, Your Honor.

9         (Court recessed from 9:20 a.m. until 9:23 a.m.)

10          THE COURT:  For the record, I'm adding 19A, which is

11   duplicate qualified written requests, and it's under

12   12 C.F.R. § 1024.35(g)(1)(i), and that's submitted by the

13   Defendants, and I'm not sure if Plaintiffs are objecting to it

14   or not.

15          MR. WALLACE:  I'll find Dave and --

16          THE COURT:  Yeah.  Let's get this all figured out.

17          MR. HUMPHREYS:  Your Honor, I don't mind if this

18   section of the statute is read, but I don't believe it's

19   identical on that reg, I should say.  I don't believe it's

20   identical.

21          THE COURT:  That's all right.  I've got it.

22          MR. HUMPHREYS:  I think it's a little bit tougher in

23   their verdict or their instruction.

24          THE COURT:  (g)(1)(i).  I think it's a fair statement

25   of the law, and over the objection, it will be submitted.

0000044

Jury Instruction Conference Excerpt from Volume 5

19

1          MR. TILLOTSON:  That's 19A?

2          THE COURT:  It is.  Do you want a copy of this 19A?

3   Here's what Amy sent me.

4       (End of excerpt.)

0000045

Case: 4:14-cv-00578-CEJ Doc. #: 172 Filed: 12/28/15 Page: 20 of 20 PageID #: 3881
Jury Instruction Conference Excerpt from Volume 5

20

CERTIFICATE


I, Gayle D. Madden, Registered Diplomate Reporter and

Certified Realtime Reporter, hereby certify that I am a duly

appointed Official Court Reporter of the United States

District Court for the Eastern District of Missouri.

I further certify that the foregoing is a true and

accurate transcript of the proceedings held in the

above-entitled case and that said transcript is a true and

correct transcription of my stenographic notes.

I further certify that this transcript contains pages

1 through 19 inclusive.

Dated at St. Louis, Missouri, this 26th day of

December, 2015.


_____

/s/ Gayle D. Madden

GAYLE D. MADDEN, CSR, RDR, CRR

Official Court Reporter